**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                  No. CR 06-1842 JB

VICTOR ROMERO-ANDRADE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Motion for Downward Departure and Variance, filed January 3, 2007 (Doc. 23)("Sentencing Memo"). The Court held a sentencing hearing on February 9, 2007. The primary issue is whether Defendant Victor Romero-Andrade's criminal history category of VI is an overstatement of his criminal history justifying a departure to a criminal history category of IV. For the reasons stated on the record at the sentencing hearing, for reasons consistent with those stated at the hearing, and because the Court believes that a criminal history category of VI overstates Romero-Andrade's criminal past, the Court will grant in part and deny in part his request for a downward departure or variance from the advisory guideline sentence.

**PROCEDURAL BACKGROUND**

On December 11, 2006, the United States Probation Office ("USPO") disclosed its Pre-sentence Report ("PSR") for Romero-Andrade. In paragraph 11 on page 4, the PSR states:

> **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2L1.2(b)(1)(C), if the defendant previously was deported or unlawfully remained in the United States after a conviction for an aggravated felony, increase by eight levels. On October 25, 2005,

>the defendant was convicted of Possession of Marijuana (Class D Felony), punishable up to three years custody. He was convicted of this offense in Marion County Superior Court, Indianapolis, Indiana, Case No. 49F15-0507-FD-125311. The defendant was sentenced to 545 days custody. He was subsequently deported to Mexico on December 9, 2005. There was no evidence to show the defendant applied for or received permission to reenter the United States since his deportation. Therefore, an eight level increase is warranted.

PSR ¶ 11, at 4, disclosed December 11, 2006. With a base offense level of 8, the adjusted offense level is 16. See id. ¶ 15, at 5. With a three-level reduction for acceptance of responsibility, the total offense level is 13, which, with a criminal history category of VI, provides a Guideline imprisonment range of 33 to 41 months. See id. at 19.

On January 3, 2007, Romero-Andrade filed his motion for downward departure and variance. Romero-Andrade did not dispute or disagree with the USPO's guideline calculations, with the eight-level enhancement, with the total offense level, or with the proposed guideline range. See Sentencing Memo. Instead, he asserted that a sentence of 27 months would be appropriate under the Guidelines and reasonable under 18 U.S.C. § 3553(a). See id. at 4-6. Romero-Andrade asked the Court to grant him a downward departure because his criminal history is overstated. See U.S.S.G. § 4A1.3; Sentencing Memo at 4-5. Romero-Andrade also contended that an analysis of the § 3553(a) factors supports a sentence of 27 months. See id. at 5-6. Romero-Andrade requested the Court, pursuant to 18 U.S.C. § 3553, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Federal Sentencing Guidelines, and United States v. Booker, 543 U.S. 220 (2005), to depart or vary from the advisory guideline sentence and impose a sentence of 27 months. See id. at 4-6.

On February 1, 2007, the UPSO made a material change to the PSR. The USPO made changes to paragraphs 11, 15, and 16 on pages 4 and 5, stating that Romero-Andrade was convicted

of Possession of Marijuana and that, therefore, a four-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(D) is applied instead of an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). See PSR ¶ 11, at 4, re-disclosed February 1, 2007. The resulting total adjusted offense level is now 10 rather than 13. See id. at ¶ 17, at 5. The USPO also made changes to **Part D Sentencing Options** on page 19, because, based on the new offense level, the table of sentencing options indicates an offense level of 10 and a criminal history category of VI, resulting in a guideline imprisonment range of 24 to 30 months. See id. at 18.

At the sentencing hearing, Romero-Andrade agreed with the USPO's changes to the PSR and to the advisory guideline sentence. See Transcript at 3:12-21 (Fine)(taken February 9, 2007)("Transcript").[1] He continued to argue, however, that his criminal history was overstated. See id. at 4:24-5:7 (Fine). At the hearing, Romero-Andrade requested a criminal history of V, rather than one of IV, as he had requested in his sentencing memorandum. See id. at 5:14-16 (Fine). The United States, in its written response to Romero-Andrade's sentencing memorandum, which was presented to the Court at the hearing, and orally at the hearing, concurred with Romero-Andrade that a criminal history of VI is "generally reserved for the most dangerous individuals in society." See Transcript at 7:17-8:3 (Court & Brawley). The United States did not oppose a downward departure to a criminal history category of V, but did oppose a departure to a category of IV. See Government's Answer to Defendant's Sentencing Memorandum and Motion for Downward Departure and Variance filed January 3, 2007 at 2, submitted February 9, 2007; Transcript at 8:1-3 (Brawley).

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## LAW REGARDING U.S.S.G. § 4A1.3

U.S.S.G. § 4A1.3(b), which provides the standard for a downward departure under the Guidelines, states: "If reliable information indicates that the defendant's criminal history category substantially over-presents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1). Regarding downward departure under the Guidelines, in U.S. v. Gurinas, 187 Fed.Appx. 647 (7th Cir. 2006), the United States Court of Appeals for the Seventh Circuit stated:

> Section 4A1.3(b)(1) confers upon sentencing courts the discretion to sentence defendants below the advisory guidelines range "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit another crime." U.S.S.G. § 4A1.3(b)(1). Before Booker, a district court's decision to "depart downward" under § 4A1.3(b)(1) was discretionary, and thus unreviewable, unless the district court believed it lacked authority to depart.

U.S. v. Gurinas, 187 Fed. Appx. at 649.

## ANALYSIS

For the reasons stated on the record at the sentencing hearing, see Transcript at 8:4-17 (Court), for reasons consistent with those stated at the hearing, and because the Court believes that a criminal history of VI overstates Romero-Andrade's criminal past, the Court will grant Romero-Andrade a downward departure of one level to a criminal history category of V.

The PSR notes that, since 1998, Romero-Andrade has been arrested on 13 occasions, resulting in nine misdemeanor convictions and two felony convictions. See PSR ¶¶ 18-26, at 5-12. His felony conviction for simple possession of marijuana is relatively minor. The Court believes that the criminal history calculation largely reflects the number of crimes rather than the seriousness of the crimes. While the Court is not prepared to say that Romero-Andrade's felony conviction for auto

theft is relatively minor, it is not as serious as others the Court has seen in category VI.

Aside from these felony convictions, all of Romero-Andrade's offenses are misdemeanors. See id. Romero-Andrade's convictions include one misdemeanor conviction for sexual battery, two misdemeanor convictions for battery, and four misdemeanor convictions and the one felony conviction for possession of marijuana. See id.

The above convictions earn Romero-Andrade 12 criminal history points. He also receives, however, three additional criminal history points because the present offense followed a prior sentence and incarceration. See id. ¶¶ 27-29, at 12. Romero-Andrade committed this offense while under sentence and within two years of release from custody. See id. As such, Romero-Andrade has a total of 15 criminal history points, which establishes a criminal history category of VI. See id. ¶ 29, at 12. Thus, some of the points are a result of the timing of the offense rather than the nature of the previous offenses.

While Romero-Andrade's criminal history is prolific, it does not reveal him to be extremely violent. The Court, like the parties, believes that a criminal history category of VI is reserved for only the most serious offenders in society. The Court does not believe that Romero-Andrade qualifies as such an offender. Accordingly, the Court will grant Romero-Andrade a one-level downward departure to a criminal history category of V.[2]

The Court has considered the guideline sentence established for the particular category of offense committed by the applicable category of defendant, and believes that, after granting the downward departure, the punishment set forth in the guidelines is appropriate for Romero-Andrade's

---

[2] The Court notes that, following the Court's granting of Romero-Andrade's request for downward departure, Romero-Andrade withdrew his request for a variance pursuant to United States v. Booker.

offense. Romero-Andrade has an offense level of 10 and a criminal history category of V. Under the Guidelines, that offense level/criminal history category matrix provides an imprisonment range of 21 to 27 months.

The Court believes that a sentence within the range of 21 to 27 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects the factors provided in § 3553(a). The Court believes that the sentencing range a criminal history category of V provides in this case is reasonable, and more effectively promotes the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Defendant's Motion for Downward Departure and Variance is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
  United States Attorney
William J. Pflugrath
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Mark Fine
Fine Law Firm
Albuquerque, New Mexico

*Attorney for the Defendant*